IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **FARMER'S NATIONAL BANK OF CANFIELD** | ) | 4:05-cv-00981 |
| Plaintiff, | ) | JUDGE ECONOMUS |
| vs. | ) | **AGREED DECREE OF FORECLOSURE** |
| **EDWARD C. HOOD, et al.** | ) | |
| Defendants. | ) | |

The Plaintiff, Farmer's National Bank of Canfield, and Defendants Sky Bank, successor by merger to Second National Bank of Warren, National City Bank, and the United States of America, agree as follows:

This cause was submitted to this Court and heard upon the Complaint of the Plaintiff Farmer's National Bank of Canfield originally filed in the Mahoning County Court of Common Pleas, the Answer of Defendant National City Bank filed in the Mahoning County Court of Common Pleas, the Notice of Removal from the Mahoning County Court of Common Pleas by the United States of America, the Answer of the United States of America, the Answer and Cross-claim of Defendant Sky Bank, successor by merger to Second National Bank of Warren, Plaintiff's Motion for Default, this Court's Entry of Default, and the evidence.

This Court finds that Attorney Michael Gallo, Jr. did enter an appearance on behalf of Defendant Edward C. Hood on December 19, 2005. However, this appearance was merely notice of Defendant Hood's Chapter 11 bankruptcy filing, and was not a responsive pleading.

This Court finds that all necessary parties have been properly served according to law and are properly before the Court.

This Court also finds that Plaintiff moved for default judgment against Defendants Edward C. Hood, Trustee, ECH Family Trust, Edward C. Hood, and Ruth Hood. Said defendants were served but did not plead or otherwise respond to Plaintiff's Complaint.  As such, their interest is extinguished, and their rights in the subject property are hereby extinguished and barred forever.

This Court further finds that there is due to the Mahoning County Treasurer accrued real property taxes, assessments, penalties and interest thereon, upon the premises described herein, the exact amount being unascertainable at the date hereof, but which amount will be determined at the time of sale of said premises, for which amount the Mahoning County Treasurer has the first lien on the property described below.

This Court further finds that there is due to Defendant Sky Bank, successor by merger to Second National Bank of Warren, the sum of $246,353.14, plus interest at the rate of 5.625% per annum from May 1, 2004, plus advancements, costs and disbursements, if any, by virtue of the Promissory Note set forth in said Defendant's Answer and Cross-claim. This Court further finds that in order to secure the indebtedness evidenced by said Promissory Note, a certain Mortgage Deed was executed and delivered securing the following described property:

> **Street Address**: 4550 S. Turner Road, Canfield, Ohio
>
> **Permanent Parcel Numbers**: 26-001-0-003.000, 26-011-0-002.010, 26-001-0-002.000, 26-001-0-001.020
>
> **Legal Description**: Attached as Exhibit A

This Court further finds that said mortgage was filed for record on or about September 24, 2002, in Official Record Volume 5250, Page 2517 of the Mahoning County, Ohio records, and thereby became and is a second good and subsisting lien, that the conditions of said mortgage have been broken and the same has become absolute.

Plaintiff's mortgage is the second lien on the subject property junior only to any lien of the Mahoning County Treasurer.

This Court further finds that there is due to Plaintiff Farmer's National Bank of Canfield the sum of $156,494.88, plus interest at the rate of 7.49% per annum from September 22, 2004, plus advancements, interest and costs, if any, by virtue of a Promissory Note as set forth in its Complaint for Foreclosure which is secured by a mortgage recorded on or about August 5, 2002, in Official Record Volume 5236, Page 910 of the Mahoning County Records, Ohio, and is the third lien on the property junior to the liens of the Mahoning County Treasurer and Defendant Sky Bank, successor by merger to Second National Bank of Warren. The mortgage lien of Plaintiff Farmer's National Bank of Canfield was subordinated to the mortgage lien of Defendant Sky Bank, successor by merger to Second National Bank of Warren, by virtue of a Subordination Agreement recorded on or about November 1, 2002 in Official Records Volume 5264, Page 958 of the Mahoning County Records, Ohio.

This Court further finds that there is due to the United States of America the sum of $250,142.80, plus interest and other statutory additions accruing from and after June 13, 2006, based on unpaid federal income tax assessments against Edward C. Hood for the years 1999 through 2002, and unpaid trust fund recovery penalty assessments against Edward C. Hood for the first and second quarters of 1999, and that the federal tax liens associated with those assessments pursuant to 26 U.S.C. Section 6321 have attached to the subject property.  Those federal tax liens are the fourth lien on the property, junior only to the liens of the Mahoning County Treasurer, Sky Bank (successor by merger to Second National Bank of Warren), and Farmer's National Bank.

This Court further finds that there is due to Defendant National City Bank a certain sum by virtue of a judgment lien filed on or about June 30, 2004, in Judgment Lien Volume

190, Page 475 in the records of Mahoning County, Ohio. The original amount of the Judgment Lien was $8,924,500.00, plus interest at the rate of 9.75% per annum from August 7, 2003. This Court makes no finding as to the specific amount presently due and owing on this judgment lien, but moves the judgment lien interest of National City Bank to the proceeds of the sale of the subject property for further Order of this Court. This Court finds that the lien of Defendant National City Bank is the fifth lien on the property, junior only to the liens of the Mahoning County Treasurer, Defendant Sky Bank, successor by merger to Second National Bank of Warren, Plaintiff Farmer's National Bank of Canfield and Defendant United States of America.

    This Court further finds that Defendant United States of America, by virtue of the liens set forth herein, has a right of redemption of the subject property pursuant to 28 U.S.C. Section 2410(c).

    This Court further finds that this Agreed Decree of Foreclosure is a final judgment and that there is no just reason for delay.

ORDER

    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless the sums herein found due, together with the costs of this action, including the cost of the Preliminary and Final Judicial Reports filed herein for which the Plaintiff is entitled to reimbursement, be fully paid within three (3) days from the date that the Court adopts this Foreclosure Decree, the equity of redemption of all Defendants in the property described herein be foreclosed, and that, by agreement of the parties, an Order of Sale shall issue to George Roman Auctioneers, Ltd., ordering it to auction the property at a public sale. The parties hereby agree that the property has an appraised value of $465,000.00 according to the appraisal dated September 1, 2005, by Appraiser David DiBernardi of Gregory Vantell Associates, Ltd., and hereby agree that the property shall be sold by George Roman Auctioneers, Ltd. for no less than 2/3 of said appraised value.

The costs, fees and commission of the sale by George Roman Auctioneers, Ltd., as well as the terms, time and place of the auction, shall be set by future agreement by the parties, and the parties agree to reasonably cooperate with regard to same. However, the parties hereby agree that if the property is not sold by virtue of an auction by George Roman Auctioneers, Ltd., then the property shall be sold pursuant to further Order from this Court.

Whether or not the subject property is sold by an auction by George Roman Auctioneers, Ltd., it shall be sold free and clear of all liens and encumbrances.

Should the subject property be sold by an auction by George Roman Auctioneers, Ltd., then the proceeds of the sale shall be immediately paid to Hunter Stevens Land Title Agency, Ltd.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hunter Stevens Land Title Agency, Ltd., upon confirmation of sale, shall pay the proceeds thereof in the following order:

1. The costs herein, including the costs of the Preliminary Judicial Report and the Final Judicial Report, to the Plaintiff.

2. To the Mahoning County Treasurer, real estate taxes, assessments, penalties and interest due and payable on said premises.

3. To George Roman Auctioneers, Ltd., the costs of the sale including advertising fees as to be agreed between George Roman Auctioneers, Ltd. and the parties.

4. To Defendant Sky Bank, successor by merger to Second National Bank of Warren, the sum of $246,353.14 plus interest at the rate of 5.625% per annum from May 1, 2004, plus advancements, costs and disbursements, if any. Late fees shall not be awarded to said Defendant.

5. To Plaintiff Farmer's National Bank of Canfield, the sum of $156,494.88, plus interest at the rate of 7.49% per annum from September 22, 2004, plus advancements, interest and costs, if any. Late fees shall not be awarded to Plaintiff.

      6.      To the Defendant United States of America, the sum of $250,142.80, plus interest and other statutory additions accruing from and after June 13, 2006, for unpaid income taxes and trust fund recovery penalties as set forth on the Notice of Federal Tax Lien, recorded on July 13, 2004, in the Mahoning County Records.

Hunter Stevens Land Title Agency, Ltd., shall hold the balance of the proceeds, if any, pending further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because Defendant Sky Bank, successor by merger to Second National Bank of Warren, and Plaintiff Farmer's National Bank, are the second and third lien holders, should either be the successful bidder at the sale, it shall not be required to make a deposit at the time of sale, but shall pay all court costs and taxes and assessments upon presentment of a statement by this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, discharging said liens from the premises.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the ECH Family Trust and/or any occupants of the property shall cooperate with the sale of the property, including but not limited to allowing unfettered access to the property by George Roman Auctioneers, Ltd. for the purposes of appraising, advertising and showing the property at any time prior to the date of sale.

Record is hereby ordered.

                                              s/Peter C. Economus - 8/7/06
                                              JUDGE ECONOMUS

/s/ Mary Beth Ciocco (0063737)
Attorney for Defendant Sky Bank
22255 Center Ridge Road, Suite 106
Rocky River, Ohio 44116
(440) 333-5700
(440) 333-1519 Fax


/s/ Jerry M. Bryan (0055266)
Attorney for Plaintiff
34 Federal Plaza W., Suite 600
Youngstown, Ohio 44503
(330) 744-1148
(330) 744-3807 Fax


/s/ Douglas Snoeyenbos
Attorney for Defendant United States of America
United States Department of Justice
Tax Division
P.O. Box 55
Ben Franklin Station
Washington, DC 20044


/s/ Robert D. Barr (0067121)
Attorney for Defendant National City Bank
1100 Ohio Savings Plaza
1801 East Ninth Street
Cleveland, Ohio 44114
(216) 696-6000
(216) 696-3338 Fax


**Signature Certification**

I certify that I have written authority from Jerry Bryan, Douglas Snoeyenbos and Robert D. Barr to submit their electronic signatures as above.

                                    /s/ Mary Beth Ciocco